[No. 35344.    Department One.    July 21, 1960.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM THOMAS PARKS, *Appellant*.[1]

*William C. Tupper*, for appellant.

*John J. Lally* and *Thomas S. Foley*, for respondent.

HUNTER, J.—This is an appeal from a judgment of conviction for the crime of carnal knowledge of a female child under fifteen years of age. RCW 9.79.020(2).

The case came on for trial in the Superior Court for Spokane County; the defendant waived its opening statement and presented no witnesses. The defendant took exception

[1]Reported in 354 P. (2d) 383.

to certain of the proposed instructions, including instruction No. 11, here in dispute. After revision, the defendant again excepted to instruction No. 11, which the trial court gave *inter alia*:

"You are instructed that it is your duty to reason together as jurors, and endeavor to reconcile any discordant or conflicting views which may arise between you during your deliberations."

The jury after deliberation returned a verdict of guilty. A motion for a new trial was made and after hearing arguments thereon the motion was denied.

The sole issue raised by appellant's assignments of error is whether the court erred in giving instruction No. 11.

Appellant argues that the giving of instruction No. 11 was in essence an admonition by the trial court to the jurors to "get together" and for the minority of the jurors to accede to the opinion of the majority. In support of his assignments of error, the appellant cites *State v. Ring*, 52 Wn. (2d) 423, 325 P. (2d) 730 (1958).

We are of the opinion that appellant's position is answered by *State v. Johnson*, 53 Wn. (2d) 666, 335 P. (2d) 809 (1959), where we also considered an instruction of the type here involved, and where the appellant argued that *State v. Ring, supra,* was controlling. In the *Johnson* case, we said:

"The court gave instruction No. 24, as follows:

" 'It is the duty of each of the jurors while the jury is deliberating upon their verdict to give careful consideration to the view his fellow jurymen have to present upon the evidence in the case. He should not shut his ears and stubbornly stand upon the position he first takes, regardless of what may be said by the other jurymen. It should be the object of all of you to arrive at a common conclusion, and to that end you should deliberate together with calmness. It is your duty to agree upon a verdict if you can conscientiously do so.'

"Appellant argues that this instruction results in telling a layman on the jury 'to compromise his own conviction and follow the rule of the majority, even though honestly convinced the defendant is innocent.' He cites *State v. Ring*, 52 Wn. (2d) 423, 325 P. (2d) 730 (1958), wherein we said:

" ' . . . The law contemplates that jurors shall, by their discussion, harmonize their views, if possible, but not that they shall compromise with their consciences and yield to the majority for the mere purpose of agreement. . . .'

"The instruction there, which we held to be erroneous, contained this language:

" ' "*In other words he can properly doubt the correctness of his own opinion, when it is not concurred in by his fellow jurors, and may, without a violation of his oath, consent to a verdict which he would not alone render.*" '

"While instruction No. 24 could have been more aptly worded, it does not contain the objectionable implication of the instruction in the *Ring* case *supra*, of a juror surrendering his verdict to the majority. We do not believe the jury could have been misled by this instruction."

In the instant case, as in the *Johnson* case, the instruction does not contain the objectionable language found in the *Ring* case instruction. Instruction No. 11 does not contain the objectionable implication that a juror should surrender his verdict to the majority.

The trial court did not err in giving instruction No. 11. The judgment is therefore affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.